

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

KARL J. ASHANTI
Assistant Corporation Counsel
Phone: (212) 227-0414
Fax: (212) 788-9776
kashanti@law.nyc.gov

March 5, 2008

**By Hand**
Honorable Victor Marrero
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Suite 660
New York, New York 10007

      Re:   Brian Ambos and Joel Hodges v. City of New York, et al.
            08 CV 1276 (VM)(DFE)

Your Honor:

      I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney assigned to represent defendant City of New York in the above-referenced matter. I write to respectfully request an enlargement of time from Monday, March 10, 2008 until Friday, May 9, 2008, for the defendant to answer or otherwise respond to the complaint. Plaintiff's counsel has consented to this application.

      In the complaint, plaintiffs allege, *inter alia*, that on November 10, 2006, they were falsely arrested, subjected to excessive force and maliciously prosecuted by members of the New York City Police Department. Plaintiffs further allege that the underlying criminal charges against them were ultimately dismissed.

      There are several reasons for seeking an enlargement of time. First, in accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need this additional time to investigate the allegations of the complaint. Therefore, this office will be forwarding to plaintiffs for execution releases for their medical records. Additionally, as the complaint indicates that the charges against the plaintiffs were dismissed, this office will be forwarding to plaintiffs for execution consents to the designation of the Corporation Counsel as plaintiffs' agent for release of records sealed pursuant to New York Criminal Procedure Law §160.50. Pursuant to that statute, all official records concerning plaintiffs' arrests and/or prosecutions, including even our own police records, are sealed. Defendant cannot obtain these

records without the designation and medical release, and without the records, defendant cannot properly assess this case or respond to the complaint.

Second, defendant City of New York appears to have been served with process. However, upon information and belief, defendant Bradley has not yet been served. The extension should allow time for plaintiff to serve defendant Bradley with process, for this office to confirm the validity of the purported service, and to determine, pursuant to Section 50-k of the New York General Municipal Law, and based on a review of the facts of the case, whether we may represent him. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

No previous request for an extension has been made. Accordingly, we respectfully request that defendant's time to answer or otherwise respond to the complaint be extended to May 9, 2008.

Thank you for your consideration of this request.

Respectfully submitted,

Karl J. Ashanti (KA4547)
Assistant Corporation Counsel

cc:   Brett H. Klein, Esq. (by ECF)