UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- x

BRIAN AMBOS and JOEL HODGES,

Plaintiffs,

-against-

CITY OF NEW YORK, DENNIS BRADLEY, UNDERCOVER POLICE OFFICER NUMBER 29103, and JOHN and JANE DOES 1 through 10, individually and in its official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

Defendants.

---------------------------------------------------------------------- x

**ANSWER**

08 CV 1276 (VM)(DFE)

ECF Case

Jury Trial Demanded

Defendant City of New York[1], by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its Answer to the Complaint, respectfully allege, upon information and belief, as follows:

1. Denies the allegations set forth in paragraph "1" of the Complaint, except admits that plaintiff purports to bring this action as stated therein.

2. Denies the allegations set forth in paragraph "2" of the Complaint, except admits that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

3. Denies the allegations set forth in paragraph "3" of the Complaint, except admits that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

4. Denies the allegations set forth in paragraph "4" of the Complaint, except admits that plaintiff purports to base venue as stated therein.

---

[1] Upon information and belief, Dennis Bradley and Undercover Police Officer Number 29103, have not been served with process and, therefore, are not parties to this action.

5. Paragraph "5" of the Complaint sets forth conclusions of law rather than averments of fact and thus no response is required.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint.

7. Admits the allegations set forth in paragraph "7" of the Complaint.

8. Denies the allegations set forth in paragraph "8" of the Complaint, except admits that the City of New York maintains a police department.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint, except admits that defendant Dennis Bradley and Undercover Police Officer 29103 are members of the New York City Police Department.

10. Paragraph "10" of the Complaint sets forth conclusions of law rather than averments of fact and thus no response is required.

11. Paragraph "11" of the Complaint sets forth conclusions of law rather than averments of fact and thus no response is required.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint.

13. Denies the allegations set forth in paragraph "13" of the Complaint.

14. Denies the allegations set forth in paragraph "14" of the Complaint.

15. Denies the factual allegations set forth in paragraph "15" of the Complaint, except admits that the charges against plaintiff Brian Ambos were dismissed on or about February 26, 2007.

16. Denies the factual allegations set forth in paragraph "16" of the Complaint.

17. Denies the allegations set forth in paragraph "17" of the Complaint.

18. Denies the allegations set forth in paragraph "18" of the Complaint.

19. Denies the allegations set forth in paragraph "19" of the Complaint.

20. In response to the allegations set forth in paragraph "20" of the Complaint, defendant repeats and realleges all the preceding paragraphs of this answer, as if fully set forth herein.

21. Denies the allegations set forth in paragraph "21" of the Complaint.

22. Denies the allegations set forth in paragraph "22" of the Complaint.

23. Denies the allegations set forth in paragraph "23" of the Complaint.

24. Denies the allegations set forth in paragraph "24" of the Complaint.

25. Denies the allegations set forth in paragraph "25" of the Complaint.

26. In response to the allegations set forth in paragraph "26" of the Complaint, defendant repeats and realleges all the preceding paragraphs of this answer, as if fully set forth herein.

27. Denies the allegations set forth in paragraph "27" of the Complaint.

28. Denies the allegations set forth in paragraph "28" of the Complaint

29. In response to the allegations set forth in paragraph "29" of the Complaint, defendant repeats and realleges all the preceding paragraphs of this answer, as if fully set forth herein.

30. Denies the allegations set forth in paragraph "30" of the Complaint.

31. Denies the allegations set forth in paragraph "31" of the Complaint.

32. Denies the allegations set forth in paragraph "32" of the Complaint.

33. In response to the allegations set forth in paragraph "33" of the Complaint, defendant repeats and realleges all the preceding paragraphs of this answer, as if fully set forth herein.

34. Denies the allegations set forth in paragraph "34" of the Complaint.

35. Denies the allegations set forth in paragraph "35" of the Complaint.

36. In response to the allegations set forth in paragraph "36" of the Complaint, defendant repeats and realleges all the preceding paragraphs of this answer, as if fully set forth herein.

37. Denies the allegations set forth in paragraph "37" of the Complaint.

38. In response to the allegations set forth in paragraph "38" of the Complaint, defendant repeats and realleges all the preceding paragraphs of this answer, as if fully set forth herein.

39. Denies the allegations set forth in paragraph "39" of the Complaint

40. Denies the allegations set forth in paragraph "40" of the Complaint, except admits that the charges against plaintiff were dismissed on February 26, 2007.

41. In response to the allegations set forth in paragraph "41" of the Complaint, defendant repeats and realleges all the preceding paragraphs of this answer, as if fully set forth herein.

42. Denies the allegations set forth in paragraph "42" of the Complaint.

43. Denies the allegations set forth in paragraph "43" of the Complaint.

44. In response to the allegations set forth in paragraph "44" of the Complaint, defendant repeats and realleges all the preceding paragraphs of this answer, as if fully set forth herein.

45. Denies the allegations set forth in paragraph "45" of the Complaint.

46. Denies the allegations set forth in paragraph "46" of the Complaint.

47. Denies the allegations set forth in paragraph "47" of the Complaint.

48. Denies the allegations set forth in paragraph "48" of the Complaint.

49. Denies the allegations set forth in paragraph "49" of the Complaint.

50. Denies the allegations set forth in paragraph "50" of the Complaint.

51. Denies the allegations set forth in paragraph "51" of the Complaint.

52. Denies the allegations set forth in paragraph "52" of the Complaint, including its subsections.

53. Denies the allegations set forth in paragraph "53" of the Complaint.

54. In response to the allegations set forth in paragraph "54" of the Complaint, defendant repeats and realleges all the preceding paragraphs of this answer, as if fully set forth herein.

55. Denies the allegations set forth in paragraph "55" of the Complaint.

56. Denies the allegations set forth in paragraph "56" of the Complaint, except admits that the City of New York did not adjust or pay plaintiff's purported claim.

57. Denies the allegations set forth in paragraph "57" of the Complaint.

58. Denies the allegations set forth in paragraph "58" of the Complaint.

59. Denies the allegations set forth in paragraph "59" of the Complaint.

60. In response to the allegations set forth in paragraph "60" of the Complaint, defendant repeats and realleges all the preceding paragraphs of this answer, as if fully set forth herein.

61. Denies the allegations set forth in paragraph "61" of the Complaint.

62. Denies the allegations set forth in paragraph "62" of the Complaint.

63. In response to the allegations set forth in paragraph "63" of the Complaint, defendant repeats and realleges all the preceding paragraphs of this answer, as if fully set forth herein.

64. Denies the allegations set forth in paragraph "64" of the Complaint.

65. In response to the allegations set forth in paragraph "65" of the Complaint, defendant repeats and realleges all the preceding paragraphs of this answer, as if fully set forth herein.

66. Denies the allegations set forth in paragraph "66" of the Complaint.

67. In response to the allegations set forth in paragraph "67" of the Complaint, defendant repeats and realleges all the preceding paragraphs of this answer, as if fully set forth herein.

68. Denies the allegations set forth in paragraph "68" of the Complaint.

69. Denies the allegations set forth in paragraph "69" of the Complaint.

70. Denies the allegations set forth in paragraph "70" of the Complaint.

71. Denies the allegations set forth in paragraph "71" of the Complaint.

72. In response to the allegations set forth in paragraph "72" of the Complaint, defendant repeats and realleges all the preceding paragraphs of this answer, as if fully set forth herein.

73. Denies the allegations set forth in paragraph "73" of the Complaint.

74. Denies the allegations set forth in paragraph "74" of the Complaint.

75. In response to the allegations set forth in paragraph "75" of the Complaint, defendant repeats and realleges all the preceding paragraphs of this answer, as if fully set forth herein.

76. Denies the allegations set forth in paragraph "76" of the Complaint.

77. Denies the allegations set forth in paragraph "77" of the Complaint.

78. Denies the allegations set forth in paragraph "78" of the Complaint.

79. In response to the allegations set forth in paragraph "79" of the Complaint, defendant repeats and realleges all the preceding paragraphs of this answer, as if fully set forth herein.

80. Denies the allegations set forth in paragraph "80" of the Complaint.

81. Denies the allegations set forth in paragraph "81" of the Complaint.

82. In response to the allegations set forth in paragraph "82" of the Complaint, defendant repeats and realleges all the preceding paragraphs of this answer, as if fully set forth herein.

83. Denies the allegations set forth in paragraph "83" of the Complaint.

84. Denies the allegations set forth in paragraph "84" of the Complaint.

85. In response to the allegations set forth in paragraph "85" of the Complaint, defendant repeats and realleges all the preceding paragraphs of this answer, as if fully set forth herein.

86. Denies the allegations set forth in paragraph "86" of the Complaint.

87. Denies the allegations set forth in paragraph "87" of the Complaint.

88. Denies the allegations set forth in paragraph "88" of the Complaint.

89. Denies the allegations set forth in paragraph "89" of the Complaint.

90. Denies the allegations set forth in paragraph "90" of the Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

91. The Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

92. Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

93. At all times relevant to the acts alleged in the Complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City has governmental immunity from liability.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

94. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of others and was not the proximate result of any act of the defendant.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

95. Punitive damages cannot be assessed against the City of New York.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

96. At all times relevant to the acts alleged in the Complaint, defendant acted reasonably in the proper and lawful exercise of its discretion.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

97. There was probable cause for plaintiff's arrest, detention and/or prosecution.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

98. Plaintiff's claims may be barred, in whole or in part, because plaintiff failed to comply with all conditions precedent to suit.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

99. Plaintiff's claims may be barred, in part, by the applicable statute of limitations.

**AS AND FOR AN TENTH AFFIRMATIVE DEFENSE**

100. To the extent the complaint alleges any claims arising out of the laws of the State of New York, such claims may be barred as a result of the plaintiff's failure to comply with General Municipal Law § 50-e.

**WHEREFORE,** defendant City of New York requests judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
May 6, 2008

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
Attorney for Defendant City of New York
100 Church Street
New York, New York 10007
(212) 227-0414

By: ______________________
Karl J. Ashanti (KA 4547)
Assistant Corporation Counsel
Special Federal Litigation Division

To: Brett H. Klein, Esq. (By ECF and Mail)
Leventhal & Klein, LLP
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

**DECLARATION OF SERVICE BY FIRST-CLASS MAIL**

I, **Karl J. Ashanti**, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that on **May 6, 2008**, I served the annexed **Answer** by ECF and by depositing a copy of the same, enclosed in a first-class postpaid properly addressed wrapper, in a post office official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, upon the following:

Brett H. Klein, Esq.
Leventhal & Klein, LLP
45 Main Street, Suite 230
Brooklyn, New York 11201

Dated: New York, New York
May 6, 2008

Karl J. Ashanti
Assistant Corporation Counsel

Index No. 08 CV 1276 (VM)(DFE)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRIAN AMBOS and JOEL HODGES,

Plaintiffs,

-against-

CITY OF NEW YORK, DENNIS BRADLEY, UNDERCOVER POLICE OFFICER NUMBER 29103, and JOHN and JANE DOES 1 through 10, individually and in its official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

Defendants.

**ANSWER**

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Karl J. Ashanti*
*Tel: (212) 227-0414*
*NYCLIS No. 2008-005540*

*Due and timely service is hereby admitted.*

*New York, N.Y.* .............................................. , *200*......

......................................................................................... *Esq.*

*Attorney for* ......................................................................