UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

BRIAN AMBOS and JOEL HODGES,

Plaintiff,

-against-

CITY OF NEW YORK, DENNIS BRADLEY,
UNDERCOVER POLICE OFFICER NUMBER 29103,
and JOHN and JANE DOES 1 through 10, individually and
in their official capacities, (the names John and Jane Doe
being fictitious, as the true names are presently unknown),

Defendants.

------------------------------------------------------------------ x

**ANSWER ON BEHALF OF
DENNIS BRADLEY AND
UNDERCOVER POLICE
OFFICER NUMBER 29103**

08 CV 1276 (VM)(DFE)

ECF Case

Jury Trial Demanded

Defendants Dennis Bradley and Undercover Police Officer Number 29103, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their Answer to the Complaint, respectfully allege, upon information and belief, as follows:

1.    Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiff purports to bring this action as stated therein.

2.    Deny the allegations set forth in paragraph "2" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

3.    Deny the allegations set forth in paragraph "3" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

4.    Deny the allegations set forth in paragraph "4" of the Complaint, except admit that plaintiff purports to base venue as stated therein.

5.    Deny the allegations set forth in paragraph "5" of the Complaint, except admit that plaintiff purports to demand a trial by jury as stated therein.

6.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint.

7.      Deny the allegations set forth in paragraph "7" of the Complaint except admit that the City of New York is a municipal corporation incorporated under the laws of the State of New York and respectfully refer the Court to the New York State Charter.

8.      Deny the allegations set forth in paragraph "8" of the Complaint except admit that the City of New York maintains a police department.

9.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint, except admit that defendants Dennis Bradley and Undercover Police Officer 29103 are employed by the City of New York and are members of the New York City Police Department.

10.     Paragraph "10" of the Complaint sets forth conclusions of law rather than averments of fact and thus no response is required.

11.     Paragraph "11" of the Complaint sets forth conclusions of law rather than averments of fact and thus no response is required.

12.     Deny the allegations set forth in paragraph "12" of the Complaint.

13.     Deny the allegations set forth in paragraph "13" of the Complaint.

14.     Deny the allegations set forth in paragraph "14" of the Complaint.

15.     Deny the allegations set forth in paragraph "15" of the Complaint, except admit that the charges against plaintiff Brian Ambos were dismissed on or about February 26, 2007.

16.     Deny the allegations set forth in paragraph "16" of the Complaint.

17.     Deny the allegations set forth in paragraph "17" of the Complaint.

18.     Deny the allegations set forth in paragraph "18" of the Complaint.

19.     Deny the allegations set forth in paragraph "19" of the Complaint.

20.     In response to the allegations set forth in paragraph "20" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

21.     Deny the allegations set forth in paragraph "21" of the Complaint.

22.     Deny the allegations set forth in paragraph "22" of the Complaint.

23.     Deny the allegations set forth in paragraph "23" of the Complaint.

24.     Deny the allegations set forth in paragraph "24" of the Complaint.

25.     Deny the allegations set forth in paragraph "25" of the Complaint.

26.     In response to the allegations set forth in paragraph "26" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

27.     Deny the allegations set forth in paragraph "27" of the Complaint.

28.     Deny the allegations set forth in paragraph "28" of the Complaint

29.     In response to the allegations set forth in paragraph "29" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

30.     Deny the allegations set forth in paragraph "30" of the Complaint.

31.     Deny the allegations set forth in paragraph "31" of the Complaint.

32.     Deny the allegations set forth in paragraph "32" of the Complaint.

33.     In response to the allegations set forth in paragraph "33" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

34.     Deny the allegations set forth in paragraph "34" of the Complaint.

35.     Deny the allegations set forth in paragraph "35" of the Complaint, except admit that plaintiffs were handcuffed and held in a cell prior to arraignment.

36.     In response to the allegations set forth in paragraph "36" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

37.     Deny the allegations set forth in paragraph "37" of the Complaint.

38.     In response to the allegations set forth in paragraph "38" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

39.     Deny the allegations set forth in paragraph "39" of the Complaint

40.     Deny the allegations set forth in paragraph "40" of the Complaint, except admit that the charges against plaintiff were dismissed on February 26, 2007.

41.     In response to the allegations set forth in paragraph "41" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

42.     Deny the allegations set forth in paragraph "42" of the Complaint.

43.     Deny the allegations set forth in paragraph "43" of the Complaint.

44.     In response to the allegations set forth in paragraph "44" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

45.     Deny the allegations set forth in paragraph "45" of the Complaint.

46.     Deny the allegations set forth in paragraph "46" of the Complaint.

47.     Deny the allegations set forth in paragraph "47" of the Complaint.

48.     Deny the allegations set forth in paragraph "48" of the Complaint.

49.     Deny the allegations set forth in paragraph "49" of the Complaint.

50.     Deny the allegations set forth in paragraph "50" of the Complaint.

51.     Deny the allegations set forth in paragraph "51." of the Complaint.

52.     Deny the allegations set forth in paragraph "52" of the Complaint, including its subsections.

53.     Deny the allegations set forth in paragraph "53" of the Complaint.

54.     In response to the allegations set forth in paragraph "54" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

55.     Deny the allegations set forth in paragraph "55" of the Complaint.

56.     Deny the allegations set forth in paragraph "56" of the Complaint, except admit that the City of New York did not adjust or pay plaintiff's purported claim, notice of which was untimely filed.

57.     Deny the allegations set forth in paragraph "57" of the Complaint, except admit that plaintiff filed a complaint on or about February 7, 2008.

58.     Deny the allegations set forth in paragraph "58" of the Complaint.

5

59.     Deny the allegations set forth in paragraph "59" of the Complaint.

60.     In response to the allegations set forth in paragraph "60" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

61.     Deny the allegations set forth in paragraph "61" of the Complaint.

62.     Deny the allegations set forth in paragraph "62" of the Complaint.

63.     In response to the allegations set forth in paragraph "63" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

64.     Deny the allegations set forth in paragraph "64" of the Complaint.

65.     In response to the allegations set forth in paragraph "65" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

66.     Deny the allegations set forth in paragraph "66" of the Complaint.

67.     In response to the allegations set forth in paragraph "67" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

68.     Deny the allegations set forth in paragraph "68" of the Complaint.

69.     Deny the allegations set forth in paragraph "69" of the Complaint.

70.     Deny the allegations set forth in paragraph "70" of the Complaint.

71.     Deny the allegations set forth in paragraph "71" of the Complaint.

72.     In response to the allegations set forth in paragraph "72" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

73.     Deny the allegations set forth in paragraph "73" of the Complaint.

74.     Deny the allegations set forth in paragraph "74" of the Complaint.

75.     In response to the allegations set forth in paragraph "75" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

76.     Deny the allegations set forth in paragraph "76" of the Complaint.

77.     Deny the allegations set forth in paragraph "77" of the Complaint.

78.     Deny the allegations set forth in paragraph "78" of the Complaint.

79.     In response to the allegations set forth in paragraph "79" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

80.     Deny the allegations set forth in paragraph "80" of the Complaint.

81.     Deny the allegations set forth in paragraph "81" of the Complaint.

82.     In response to the allegations set forth in paragraph "82" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

83.     Deny the allegations set forth in paragraph "83" of the Complaint.

84.     Deny the allegations set forth in paragraph "84" of the Complaint.

85.    In response to the allegations set forth in paragraph "85" of the Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

86.    Deny the allegations set forth in paragraph "86" of the Complaint.

87.    Deny the allegations set forth in paragraph "87" of the Complaint.

88.    Deny the allegations set forth in paragraph "88" of the Complaint.

89.    Deny the allegations set forth in paragraph "89" of the Complaint.

90.    Deny the allegations set forth in paragraph "90" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

91.    The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

92.    Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

93.    At all times relevant to the acts alleged in the Complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City has governmental immunity from liability.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

94.    Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of others and was not the proximate result of any act of the defendants.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

95.     At all times relevant to the acts alleged in the Complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

96.     There was probable cause for plaintiff's arrest, detention and/or prosecution.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

97.     Plaintiff's claims may be barred, in whole or in part, because plaintiff failed to comply with all conditions precedent to suit.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

98.     The individual defendants did not violate any clearly established constitutional or statutory right of which a reasonable person would have known, and, therefore, are protected by qualified immunity.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

99.     Plaintiff's claims may be barred, in part, by the applicable statute of limitations.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

100.     To the extent the complaint alleges any claims arising out of the laws of the State of New York, such claims may be barred as a result of the plaintiff's failure to comply with General Municipal Law § 50-e.

**WHEREFORE,** defendants City of New York, Dennis Bradley and Undercover Police Officer Number 29103 request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            June 24, 2008

                        MICHAEL A. CARDOZO
                        Corporation Counsel of the
                           City of New York
                        Attorney for Defendants City of New York, Dennis
                        Bradley and Undercover Police Officer 29103
                        100 Church Street
                        New York, New York 10007
                        (212) 227-0414

                   By:
                        Karl J. Ashanti (KA 4547)
                        Assistant Corporation Counsel
                        Special Federal Litigation Division


To:    Brett H. Klein, Esq. (By ECF and Mail)
       Leventhal & Klein, LLP
       45 Main Street, Suite 230
       Brooklyn, New York 11201
       (718) 722-4100

10

## DECLARATION OF SERVICE BY FIRST-CLASS MAIL

I, **Karl J. Ashanti**, declare, pursuant to 28 U.S.C. § 1746, under penalty of

perjury, that on **June 24, 2008**, I served the annexed **Answer** by ECF and by depositing a copy

of the same, enclosed in a first-class postpaid properly addressed wrapper, in a post office

official depository under the exclusive care and custody of the United States Postal Service,

within the State of New York, upon the following:

Brett H. Klein, Esq.
Leventhal & Klein, LLP
45 Main Street, Suite 230
Brooklyn, New York 11201

Dated: New York, New York
       June 24, 2008

_____
Karl J. Ashanti
Assistant Corporation Counsel

Index No. 08 CV 1276 (VM)(DFE)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BRIAN AMBOS and JOEL HODGES,

                                                    Plaintiff,

                        -against-

CITY OF NEW YORK, DENNIS BRADLEY,
UNDERCOVER POLICE OFFICER NUMBER
29103, and JOHN and JANE DOES 1 through 10,
individually and in their official capacities, (the
names John and Jane Doe being fictitious, as the
true names are presently unknown),

                                                    Defendants.

---

# ANSWER

---

**MICHAEL A. CARDOZO**
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Karl J. Ashanti*
*Tel: (212) 227-0414*
*NYCLIS No. 2008-005540*

---

*Due and timely service is hereby admitted.*

*New York, N.Y. ............................................ , 200......*

*.............................................................................. Esq.*

*Attorney for ....................................................................*